IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAMIEN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 cv 2671 |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | |
| POLICE OFFICERS DELGADO | ) | Judge Andrea R. Wood |
| FERNANDEZ, #12335, and JERALD | ) | |
| WILLIAMS, #3317, | ) | Magistrate Judge Jantz |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS DELGADO FERNANDEZ, #12335, and JERALD WILLIAMS, #3317, by and through their attorneys, HARTIGAN & O'CONNOR P.C., and for their Answer to Plaintiff's Complaint at Law hereby state as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER**: **The Defendants admit that Plaintiff purports to bring this action for money damages pursuant to the Civil Rights Act of 1871 [42 U.S.C. §1983], but deny the remaining allegations and deny any wrongdoing or other misconduct alleged.**

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **The Defendants admit that Plaintiff purports to bring this action for money damages pursuant to the Civil Rights Act, 42 U.S.C. §1983, but deny any wrongdoing violating the Fourth and Fourteenth Amendments to the United States Constitution.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States.

**ANSWER:** **The Defendants admit this Court has jurisdiction over this matter.**

## PARTIES

3. Plaintiff DAMIEN STEWART is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER:** **Upon information and belief, the Defendants admit the allegations contained in ¶3.**

4. Defendants DELGADO FERNANDEZ, #12335, and JERALD WILLIAMS, #3317 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**: **The Defendants admit that DELGADO FERNANDEZ and JERALD WILLIAMS were, at the time of the occurrence alleged in the**

**Complaint, Chicago Police Officers acting within the scope of their employment and under color of law and admit that Plaintiff purports to sue them in their individual capacities. Defendants deny the remaining allegations and deny any wrongdoing or other misconduct alleged.**

5. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Officer.

**ANSWER: The Defendants admit that the CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and was the employer and principal of DELGADO FERNANDEZ and JERALD WILLIAMS.**

## FACTS

6. On or around 18 May 2019, Plaintiff Damien Stewart was lying down in a holding cell when he was approached by Defendant Officers.

**ANSWER**: **The Defendants admit the allegations contained in ¶6.**

7. Although Plaintiff had already been thoroughly searched, Defendant Officers claimed they needed to search him again.

**ANSWER: Defendants admit that Plaintiff needed to be searched again but deny the remaining allegations contained in ¶7.**

8. Defendant Officers searched Plaintiff.

**ANSWER**: **The Defendants admit the allegations contained in ¶8.**

3

9. At the end of the search, Defendant Fernandez patted Plaintiff on the head like he was a dog.

**ANSWER**: **The Defendants admit that Defendant Fernandez touched Plaintiff's head but deny the remaining allegations contained in ¶9.**

10. When Plaintiff took exception to Defendant's conduct, Defendant Officer placed him in a headlock and began punching him in the face.

**ANSWER**: **The Defendants deny the allegations contained in ¶10.**

11. Defendant Williams then grabbed Plaintiff's hands to prevent him from being able to protect himself.

**ANSWER**: **The Defendants deny the allegations contained in ¶11.**

12. Defendant Officers slammed Plaintiff to the ground, pressing their body weight on him, and continued to use excessive and unreasonable force against Plaintiff.

**ANSWER**: **The Defendants deny the allegations contained in ¶12.**

13. Defendant Officers then filed false charges against the Plaintiff in an attempt to cover up for their misconduct.

**ANSWER**: **The Defendants deny the allegations contained in ¶13.**

14. The acts of Defendant Officer were intentional, willful and wanton.

**ANSWER**: **The Defendants deny the allegations contained in ¶14.**

15. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER**: **The Defendants deny the allegations contained in ¶15.**

### COUNT I: 42 U.S.C. §1983-Excessive Force

16. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER**: **The Defendants incorporate their answers to ¶¶1-15 as their answer to ¶16 of Count I as if fully set forth herein.**

17. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: **The Defendants deny the allegations contained in ¶17.**

18. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER:** **The Defendants deny the allegations contained in ¶18.**

### COUNT II: 745 ILCS 10/9-102- Indemnification

19. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **The Defendants incorporate their answers to ¶¶1-18 as their answer to ¶19 of Count II as if fully set forth herein.**

20. Defendant City is the employer of the Defendant Officers.

**ANSWER**: **The Defendants admit the allegations contained in ¶20.**

21. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of Defendant City.

**ANSWER**: **The Defendants admit that, at all times relevant hereto, the Individual Defendants were acting under color of law and within the course and scope of their employment but deny the remaining allegations contained in ¶21, and deny any allegation of wrongdoing or other misconduct alleged herein.**

**Defendants demand a trial by jury.**

                                                Respectfully Submitted,

                                                /s/Patrick H. O'Connor
                                                Patrick H. O'Connor, Special Assistant Corporation Counsel

Patrick H. O'Connor, ARDC No. 06207351
Michael R. Hartigan, ARDC No. 06272365
HARTIGAN & O'CONNOR P.C.
53 West Jackson Blvd., Suite 460
Chicago, IL 60604
Tel. 312/235-8880
Fax 312/235-8884

## AFFIRMATIVE AND OTHER DEFENSES

As and for their Affirmative Defenses to the Plaintiff's Complaint, and without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, the CITY OF CHICAGO, and CHICAGO POLICE OFFICERS DELGADO FERNANDEZ, and JERALD WILLIAMS, hereby state as follows:

## FIRST AFFIRMATIVE DEFENSE

The individual Defendants FERNANDEZ DELGADO, and JERALD WILLIAMS, were at all times relevant herein governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in the Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information that the Defendants possessed. The individual officers are, therefore, entitled to qualified immunity as to Plaintiff's federal claims.

## SECOND AFFIRMATIVE DEFENSE

Defendant City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City of Chicago cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle

that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. §1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. §1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## FIFTH AFFIRMATIVE DEFENSE

Defendant City of Chicago is not liable to Plaintiff for any state or federal claims for which the Defendant Officers are not liable to Plaintiff. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-109; see *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## SIXTH AFFIRMATIVE DEFENSE

Defendant Officers are absolutely immune from civil liability for any claim that they committed, or conspired to commit, perjury in the course of their testimony during the judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012); see also *Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) (noting that the Seventh Circuit has recognized that absolute immunity extends to a police officer's participation in pretrial proceedings); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

WHEREFORE, the Defendants, The CITY OF CHICAGO, DELGADO FERNANDEZ, and HERALD WILLIAMS, hereby demand judgment in their favor and

against the Plaintiff and for such other and further relief as this Court deems just and proper.

                                                Respectfully Submitted,

                                                /s/Patrick H. O'Connor
                                                Patrick H. O'Connor, Special Assistant Corporation Counsel

Patrick H. O'Connor, ARDC No. 06207351
Michael R. Hartigan, ARDC No. 06272365
HARTIGAN & O'CONNOR P.C.
53 West Jackson Blvd., Suite 460
Chicago, IL 60604
Tel. 312/235-8880
Fax 312/235-8884

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney, states that on July 21, 2021, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record.

                                                /s/Patrick H. O'Connor